UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TARVER,<br><br>            Petitioner,<br><br>v.<br><br>MAGGIE MILLER-STOUT,<br><br>            Respondent. | Case No.  C06-5577 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**December 29, 2006** |

      This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed this action under 28 U.S.C. § 2254 challenging the revocation of his sentence under the Special Drug Offender Sentence Alternative (DOSA).  (Dkt. # 5).   The Court's records reflect this case to be duplicative of issues raised previously by Petitioner in <u>Tarver v. Miller-Stout</u>, Case No. 05-5802FDB.  Accordingly this petition is successive and this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## **DISCUSSION**

      Ninth Circuit Rule 22-3 (a) states:

    (a)    **Application**.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§

REPORT AND RECOMMENDATION
Page - 1

2244 or 2255. An original and five copies of the application Must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

The Petitioner is filing a successive petition challenging the same issues. Petitioner's previous challenge was dismissed. *See*, Tarver v. Miller-Stout, Case No. 5-5802FDB. Clearly, the instant petition should be treated as a "second or successive" petition and should be transferred.

## **CONCLUSION**

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 29, 2006**, as noted in the caption.

DATED this 30th day of November, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2